Pg 1075

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| UNITED STATES OF AMERICA | CASE NO. 1:17CR-76 |
| Plaintiff, | JUDGE M. BARRETT |
| v. | |
| Meah Virge | PRO SE MOTION FOR DISMISSAL OF THE SENTENCING ENHANCEMENT AND NON-FATAL OVERDOSE SERIOUS BODILY INJURY TO VICTIM ONE |
| Defendant | |

Now comes Defendant **Meah Virge** who respectfully moves this Honorable Court for a order permitting a dismissial of the sentencing enhancement on the NON-fatal overdose "Serious bodily injury" in Count one of the indictment. In a recent "Supreme Court decision" Burrage v. US, 134 S. CT 881 (2014) and United States v. Salyers, 661 Fed. Appx. 862 (2016), Ragland v. U.S, 784 F.3d 1213 (2015), U.S. v. Ford, 750 F.3d 952 (2014) U.S. V. Halman, ___ Fed. Appx. 585 (2015)

SUSAN GILL
Notary Public, State of Ohio
My Commission Expires December 3, 2017

Susan Gill 11/14/17

x Meah Virge

pg 2

The Supreme court held that at least where use of the drug distributed by the defendant is not an independently sufficient cause of victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of controlled Substance Act applicable when death or a serious bodily injury result from use of the distributed substance, unless such use is a "but-for cause" of the death or injury.

A defendant, who distributed herion used by victim who died or suffered a serious bodily injury of drug overdose, after using other drugs could not be convicted under the penalty enhancement provision, absent evidence that the victim would have lived or not suffer injury but-for his herion use.

There is no physical evidence in this case however that defendant gave or distributed drugs to victim on day of victim. NON-fatal serious bodily injury, which is the but-for cause that is required by the Supreme Court.

SUSAN GILL
Notary Public, State of Ohio
My Commission Expires December 3, 2017

Susan Gill 11/14/17 x Micah Virae

pg 3.

There is no physical evidence in this case however what drug was the independently sufficient cause of victims injury, which is a requirement by the Supreme Court. Blood samples, urine samples, and or a toxicology report are the ways to meet requirement of the independently sufficient cause, under the Supreme Court Law.

Testimony of the victim is not enough evidence without a toxicology report to meet the requirement of but-for cause. A EMT report only support that victim was given narcan. Giving victim narcan only supports and reverses opiate and synthetic opiates. However narcan does not determine how many opiates or other drugs is in victims body or which drug it independently reverses.

The urine drug screen that was used on victim at Mercy Hospital is premature compared to a toxicology report.

SUSAN GILL
Notary Public, State of Ohio
My Commission Expires December 3, 2017

x Meah Vuge

Susan Gill 11/14/17

pg 4

Also it's many drugs that could have been in victim body that a drug screen will not detect, but a toxicology report will. It clearly says on urine drug screen that "Theropeutic levels of pain pills medication, especially Oxycotin, and synthetic opioids, may not be detected by this Methodology.

IF a seriously bodily injury carries the same enhancement min 20-life, then the same procedures should be followed. In a fatal herion or drug overdose a autopsy and a toxicology report is performed, therefore should also be performed on a non-fatal drug overdose.

The victim also stated she was trying to kill herself to Doctors by using herion and pills. The victim was in a drug and alcohol treatment house at the time she overdosed and is a known drug and alcohol user.

If the Courts determines that the evidence of "Serious bodily injury" is Sufficient for this case to proceed to trial.

**SUSAN GILL**
Notary Public, State of Ohio
My Commission Expires December 3, 2017

Susan Gill 11/14/17   Meah Vince

Pg 5

I submits that the statue is void for vagueness as applied. As overdose, serious bodily injury and such, the sentence enhancement provision should be stricken from the indictment. Courts have long held that a statute is void for vagueness under the fifth Amendment due process clause.

Respectfully Submitted

x Meah Virge

SUSAN GILL
Notary Public, State of Ohio
My Commission Expires December 3, 2017

Susan Gill 11/14/17