**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICE OF OHIO**
**WESTERN DIVISION**

United States of America,

    Plaintiff,

v.

Meah Virge – 2,

    Defendant.

Case No. 1:17cr076

Judge Michael R. Barrett

## ORDER

This matter is before the Court following an evidentiary hearing and argument upon Defendant Meah Virge's Motion to Suppress Statements. (Doc. 57). Defendant moves to suppress "any and all oral statements made by Defendant which the Government may seek to introduce at the trial." (*Id.*).

## BACKGROUND

Ms. Virge and Hamilton County Sheriff's Office Task Force Officers Mark Bohan and Shawn Cox testified at the hearing. Ms. Virge provided the Court with an April 20, 2017, video recording of an interview of Ms. Virge, conducted by task force officers at the Cincinnati Police District 3 station (District 3) (D1), and an April 20, 2017, investigative report written by Task Force Officer Carrie Heuser (D2). Testimony adduced at the hearing confirmed that, on the morning of April 20, 2017, task force officers executed a search warrant at the residence identified as being occupied by co-Defendant Donald Hope and Ms. Virge. Although Ms. Virge was not home when the officers began the search, she arrived at the scene while the officers were conducting the search. The

officers discovered that, at that time, there was an open felony arrest warrant for Ms. Virge relating to drug trafficking. Due to the outstanding warrant, officers handcuffed Ms. Virge and seated her on the front porch for the remainder of the search. After approximately 45 minutes, officers transported Ms. Virge to the District 3 station and advised her of her *Miranda* rights.

## ANALYSIS

In her motion, Ms. Virge contends that the oral statements obtained by the task force officers at the District 3 station were taken in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. (Doc. 57). She concedes that the officers at the District 3 interview "read her *Miranda* rights," but argues that she was coerced into answering their questions, as they allegedly told her that "her children would be taken from her custody if she refused to answer [their] questions." (*Id.*). At the hearing, Ms. Virge argued that, at the scene of the execution of the search warrant of her residence, she was questioned by task force officers but was not read her *Miranda* rights.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."[1] U.S. Const. amend. V. The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."[2] U.S. Const. amend. VI. In *Miranda v. Arizona*, the United States Supreme Court held that

---

[1] The Fifth Amendment is incorporated in the Fourteenth Amendment's Due Process Clause and applies to the States. *Dickerson v. United States*, 530 U.S. 428, 434 (2000) (citing *Malloy v. Hogan*, 378 U.S. 1, 84 (1964)).

[2] Similarly, the Sixth Amendment is "applied to the States through the Fourteenth Amendment." *Kansas v. Ventris*, 556 U.S. 586, 590 (2009)

> when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning . . . [h]e must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.

384 U.S. 436, 478-79 (1966). If, during questioning, an "individual states that he wants an attorney, the interrogation must cease until an attorney is present." *Id.* at 474. "*Miranda* thus declared that an accused has a Fifth and Fourteenth Amendment right to have counsel present during custodial interrogation." *Edwards v. Arizona*, 451 U.S. 477, 482 (1981). When a person in custody invokes that right or otherwise "'expresse[s] his desire to deal with the police only through counsel, [he] is not subject to further interrogation by the authorities until counsel has been made available to him,' unless he validly waives his earlier request for counsel." *Smith v. Illinois*, 469 U.S. 91, 94-95, (1984) (quoting *Edwards*, 451 U.S. at 484-85).

Regarding Ms. Virge's arguments concerning her right to have counsel present while she was at the District 3 interview, (Doc. 57), she presents no evidence that she invoked her right to have counsel present during that interview. *See Miranda* and *Smith*, both *supra*. The Court's review of the video recording of the interview confirms that she did not ask to have counsel present. (D1). Similarly, to the extent that she alleges that the officers conducting the District 3 interview threatened to take her children away if she did not answer their questions, (Doc. 57), the Court cannot find such a conversation on the video recording, (D1). In contrast, the Court notes that one of the District 3 officers interviewing Ms. Virge explained that the task force officers who executed the search

warrant of her residence called 241-KIDS in an effort to protect her teenage daughter from co-Defendant Hope.

Turning to Ms. Virge's arguments concerning her right against self-incrimination at the District 3 interview, (Doc. 57), it is clear from the video recording that, before the officers questioned her regarding her and co-Defendant Hope's alleged drug activity, she was advised, understood, and executed an Advice of Rights form. (*Id.*). Only following this advice, and pursuant to *Miranda*, did the officers ask Ms. Virge about numerous issues. The video evidence demonstrates that Ms. Virge was advised of her rights, understood her rights, and signed the Advice of Rights form before the officers' questions ensued. Accordingly, the Court holds that Defendant's Motion to Suppress Statements (Doc. 57) is **OVERRULED**.

Finally, with respect to Ms. Virge's arguments regarding her right against self-incrimination while at the scene of the execution of the search warrant of her residence, there is no evidence that task force officers advised Ms. Virge of her *Miranda* rights prior to the District 3 interview. Nevertheless, during the course of the District 3 interview, the officers asked Ms. Virge specific questions regarding comments she made while on the front porch. At this time, the Court does not have the transcript of the District 3 interview. The Court, therefore, **conditionally ORDERS** the redaction of certain questions beginning with, "One of the officers said that you said something about, have you ever dealt [drugs]?" through "This is your time to be honest." (D1 at 08:47-10:15). There is additional discussion during the District 3 interview about Ms. Virge's prior contacts with law enforcement and prior possible convictions which may also need to be redacted depending on the facts and circumstances. The Court will also need to address the

possibility of a severance based upon the statements she made regarding co-Defendant Hope.

## CONCLUSION

In accordance with the foregoing, Defendant's Motion to Suppress Statements (Doc. 57) is **OVERRULED**.

**IT IS SO ORDERED.**

                                          <u>s/ Michael R. Barrett</u>
                                          Michael R. Barrett
                                          United States District Judge