AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): Meah Virge | | Docket or Case No.: 1:17cr76 |
| Place of Confinement: Hazelton SFF | | Prisoner No.: 76968-061 |
| UNITED STATES OF AMERICA  V. | | Movant (include name under which convicted): Meah Virge |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court Southern District of Ohio Western Division

   (b) Criminal docket or case number (if you know): 1:17-cr-76

2. (a) Date of the judgment of conviction (if you know): ____
   (b) Date of sentencing: March 11, 2019

3. Length of sentence: 196 Months

4. Nature of crime (all counts):

   21 USC 841(a)(1), (b)(1)(C) and 846 Conspiracy to possess with intent to Distribute and to Distribute a Controlled Substance 1 Count.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   Dismissed Indictment counts 1,5,6, Superseding Indictment counts 1,3,7,8 Plead guilty to Superseding Information count 1 Conspiracy to possess with intent to Distribute and to Distribute a Controlled substance

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

Page 2 of 13

FILED
RICHARD W. NAGEL
CLERK OF COURT
20 APR -3 PM 1:48
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

8. Did you appeal from the judgment of conviction? Yes ✓ No ☐

9. If you did appeal, answer the following:
   (a) Name of court: Southern District of Ohio Court of Appeals
   (b) Docket or case number (if you know): 19-3220
   (c) Result: Denied
   (d) Date of result (if you know): 1-2-2020
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: Inadaqute criminal history points, being denied the role adjustment, Appeal waiver not being explained clearly. 196 month sentence being unreasonable

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ✓
   If "Yes," answer the following:
   (1) Docket or case number (if you know): N/A
   (2) Result: N/A
       N/A
   (3) Date of result (if you know): N/A
   (4) Citation to the case (if you know): N/A
   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ✓ No ☐

11. If your answer to Question 10 was "Yes," give the following information: United States District court
    (a) (1) Name of court: Southern District of Ohio Western District
    (2) Docket or case number (if you know): 1:17 cr 76
    (3) Date of filing (if you know): 12/07/17

(4) Nature of the proceeding: Motion for Dismissal of the Sentencing
(5) Grounds raised: Enhancement for the Seriously bodily Injury
1. No toxicology report to support bodily injury for 841(b)(1)(C) conviction

I filed the motion reguarding the sentencing enhancement which was denied although the facts of the case should've been investigated by Attorney Tierney. There is no evidence indicating I was Involved in the Seriously bodily injury. Also no proof of what drug was in victim system.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐   No ☑
(7) Result: N/A
(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:
   (1) Name of court: N/A
   (2) Docket of case number (if you know): N/A
   (3) Date of filing (if you know): N/A
   (4) Nature of the proceeding: N/A
   (5) Grounds raised:




   (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
      Yes ☐   No ☑
   (7) Result: N/A
   (8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
   (1) First petition:    Yes ☐   No ☑
   (2) Second petition:   Yes ☐   No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Advised by Mr Tierney it will be dismissed and I will lose. Mr Tierney never investigated the motion or facts listed.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: Ineffective Assistance of Counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The plea agreement I recieved states I was charged with Conspiracy to Distribute, Distribution a controlled substance, and maintaining a drug involved premises. In contrast the superseding information indictment only states I "Did knowingly and intentionally combine, conspire, confederate and agree to possess with intent to distribute and distribute mixtures and substance containing heroin a schedule I controlled substance and cocaine a schedule II controlled substance. No where does the superseding states or alleged that my distribution resulted in seriously bodily injury. In the change of plea hearing pg 5 line 17-25 and pg 6 line 1-9 the charge being read is the same in the superseding information indictment the seriously bodily injury is not being mentioned nor did the goverment correct this. Pg 3 line 9-12 of sentencing transcripts it clearly indicate I was being charged with seriousy bodily injury. Ms Tierney informed me before signing the plea. Continued Page 1

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ✓ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ✓

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ✓

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: n/A

Docket or case number (if you know): n/A

Date of the court's decision: n/A

Result (attach a copy of the court's opinion or order, if available):

n/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Counsel failed to investigate the findings concerning the seriously bodily injury.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr Tierney failed to investigate or review any information reguarding the seriously bodily injury such as Victim 1 urine screen anylasis or the fact no toxicology report was done. Victim 1 urine anylasis only tested positive for herion and negative for cocaine. In contrast all drugs purchased from Hope by Victim/CI and the one buy from myself tested positive for herion and cocaine mixture. The victim admitted to wanting to commit suicide by overdosing on herion. Victim also admitted to overdosing on perscriptions pills in a suicide attempt. If a toxicology report was preformed on Victim 1 to determine what other drugs was in the system the outcome would be different. I filed a motion on 12/7/17 to dismiss the non-fatal overdose pro se in the district court inwhich Mr Tierney was advised to adopt. He did no investigation reguarding the circumstances defined within the motion. At the hospital Victim 1 was found with herion in her pocket the same day

Continued Pg 2

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

n/a

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?
  Yes ☐   No ☑

  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: n/a
  Name and location of the court where the motion or petition was filed: n/a
  Docket or case number (if you know): n/a
  Date of the court's decision: n/a
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐   No ☑

  (4) Did you appeal from the denial of your motion, petition, or application?
  Yes ☐   No ☑

  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
  Yes ☐   No ☑

  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed: n/a
  Docket or case number (if you know): n/a
  Date of the court's decision: n/a
  Result (attach a copy of the court's opinion or order, if available):

  n/a

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Reduction Under First Step Act

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I would like to address the issue with me being eligible for the First Step Act.
I am also eligible for a sentence reduction.
I'm humbly asking the courts to resentence me and reduce my sentence according to the proper guideline.

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☑
   (2) If you did not raise this issue in your direct appeal, explain why:

   n/A

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☑
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: n/A
   Name and location of the court where the motion or petition was filed:

   n/A

   Docket or case number (if you know): n/A
   Date of the court's decision: n/A
   Result (attach a copy of the court's opinion or order, if available):

   n/A

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐   No ☑
   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐   No ☑
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: n/A

Docket or case number (if you know): n/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

n/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
  Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
  Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

n/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

Rory Jackson    810 Sycamore Street (First Floor) Cincinnati, Ohio 45202

(b) At the arraignment and plea:

Rory Jackson, Kevin Tierney   Frost Brown Todd LLC  3300 Great American Tower  301 East Fourth St Cincinnati, Ohio 45202

(c) At the trial:

n/A

(d) At sentencing:

Kevin Tierney, Angela Glasser → 810 Sycamore street (First Floor) Cincinnati, Ohio 45202

(e) On appeal:

Paul Nelson

(f) In any post-conviction proceeding:

n/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

n/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

n/A

(b) Give the date the other sentence was imposed:   n/A
(c) Give the length of the other sentence:   n/A
(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☑   No ☐

Page 11 of 13

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Appeal was denied on January 2, 2020

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
 (1) the date on which the judgment of conviction became final;
 (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 12 of 13

Therefore, movant asks that the Court grant the following relief:

For the 841(b)(1)(C) to be stricken and my sentence adjusted accordingly.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on March 23, 2020 .
(month, date, year)

Executed (signed) on March 23, 2020 (date)

Meah Virge 76968-061
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Page 13 of 13



Office of The Clerk
United States District Court
Southern District of Ohio
100 East Fifth Street rm 103
Cincinnati, Ohio 45202

Micah Virgil 10103210
p.o Box 3000
Bruceton mills, WV
26525