UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEAH VIRGIE                : CASE NO. 1:17-CR-076-2
    PETITIONER             :           1:20-CV-00260
V.                         : JUDGE BARRETT
UNITED STATES OF           :
    AMERICA                : PETITIONER RESPONSE TO
                             GOVERMENT RESPONSE TO
                             2255 MOTION

HISTORY OF CASE.    ARGUEMENT

AS SAID MY ORIGINAL CHARGE CHARGED ME
WITH SERIOUSLY BODILY INJURY. I HAD MY COUNSEL
SET A TRIAL DATE THEN THE GOVERMENT
CAME WITH A PLEA DISMISSING THE SERIOUSLY
BODILY INJURY. I ACCEPTED THE PLEA. NOT
ONCE DID MY COUNSEL EXPLAIN TO ME UPON
TAKING THE PLEA WHAT THE B1C MEANT
OR THAT I WAS STILL BEING CHARGED WITH
THE BODILY INJURY. THE OFFENSE LEVEL
38 IS FOR THE SERIOUSLY INJURY STRUCTURE.
MY COUNSEL SHOULD HAVE GOTTEN ME

REMOVED FROM THAT GUIDELINE ONCE IT WAS DISMISSED. FURTHERMORE, WHEN SEARCHING SERIOUSLY BODILY INJURY, A PERSON MUST HAVE BODY PARTS IMPAIRED, ORGAN FAILURE, DISFUNCTIONAL IMPAIRMENT OF SOME SORT. THE VICTIM HAD NONE. SHE ADMITTED TO BEING SUICIDAL AND NO LONGER WANTING TO LIVE. SHE WAS NOT HOSPITALIZED INFACT SHE WAS SENT TO A PSYCHATRIC WARD THE SAME DAY.

STANDARDS OF REVIEW ARGUEMENT. THE GOVERMENT STATED THAT COUNSEL DID AN ADMIRABLE JOB IN WORKING OUT A AGREEMENT. COUNSEL DID NO WORKING OUT ON THE CASE. COUNSEL ALLOWED THE GOVERMENT TO DO AS THEY PLEASE. I AM STILL SERVEING A MANDATORY SENTENCE

GIVEN THAT I WAS SENTENCED FOR THE DRUGS THE GOVERMENT AND COURT UTILIZED AN UNCHARGED CONDUCT TO ENHANCE ME.

A RECENT SUPREME COURT DECISION IN NELSON V. COLORADO, 137 S.CT 1249 (2017) PROVIDES A LEGAL FOUNDATION FOR REINING

IN THE INCLUSION OF ACQUITTED CONDUCT, DISMISSED CHARGES AND UNCHARGED CONDUCT WITHIN RELEVANT CONDUCT. THE SUPREME COURT HELD THAT BY INCLUDING THOSE NON-CHARGED OFFENSE AT SENTENCING VIOLATED DUE PROCESS. THERE IS NO RECORD TO SHOW I WOULD HAVE DONE THINGS DIFFERENT BECAUSE I WAS SWAYED AWAY FROM GOING TO TRIAL BY BELIEVING THE CHARGED WAS BEING DISMISSED. ONCE THE GOVERMENT DISMISSED THE CHARGE THERE SHOULD OF NOT BEEN STIPULATIONS ALLOWED THAT KEEP THE GUIDELINE THE SAME.

CLAIM NUMBER ONE.
THE PLEA AGREEMENT THAT I RECIEVED ON JUNE 27, 2018 FROM MY COUNSEL WAS BEFORE THE GOVERMENT AGREED TO DISMISS THE SERIOUSLY BODILY INJURY. THE PLEA AGREEMENT I RECIEVED ON AUGUST 3, 2018 IS CHARGING ME WITH THE DRUG TRAFFICKING. MY COUNSEL DIDNT EXPLAIN TO ME THE (B)(1)(C) STRUCTURE OR WHAT IT MEANT. BEING UNEDUCATED AND LACKING KNOWLEDGE WHEN LOOKING AT THIS PLEA I ASSUMED IT WAS FOR DRUGS

COUNSEL NEVER EXPOSED TO ME THE (B)(1)(C) WAS THE CONDUCT OF A CHARGE THAT WAS BEING DISMISSED. MY PLEA WAS SIGNED WITH ME THINKING ONE THING AND ANOTHER HAPPENED WHICH MAKES IT INVOLUNTARY. THE ELEMENT OF THE CASE OR PLEA WAS NEVER CLEAR. COUNSEL ADVISED ME THAT THE STATEMENT OF FACTS HAD TO BE THAT WAY BECAUSE THE GOVERMENT WILL NOT CHANGE IT. THE STATEMENT OF FACTS ALSO STATES I HAD NOTHING TO DO WITH THE SERIOUSLY BODILY INJURY. I WAS INVOLVED IN ONE SALE. I COULD ONLY BELIEVE WHAT MY COUNSEL TELLS ME. UPON SENTENCING IS WHEN I REALIZED WHAT I WAS BEING TOLD WAS NOT TRUE. MY COUNSEL ADVISED ME WE WAS FIGHTING FOR TIME SERVED. THEN THE DAY OF COURT THINGS CHANGED.

I WOULD NOT AGREED TO BEING ON THIS LEVEL IF MY COUNSEL WOULD OF FULLY EXPLAINED TO ME THAT EVEN THOUGH THE CHARGE WAS DISMISSED I AM STILL FACING THE TIME FOR IT. THE STATEMENT OF FACTS STATES THAT THE DRUGS DONALD HOPE GAVE THE VICTIM

CAUSED HER TO OVERDOSE. THEN EVIDENCE CAME FORWARD SHOWING THAT THE VICTIM INTENTIONALLY CAUSED HERSELF TO OVERDOSE. NOT BECAUSE THE DRUG WAS LACED WITH WITH ANYTHING. DEATH OR INJURY DID NOT OCCUR. THE PLEA DID NOT BENEFIT ME I RATHER BEEN TOLD THE TRUTH AND WENT TO TRIAL.

CLAIM NUMBER TWO: ARGUEMENT

COUNSEL FAILED TO INVESTIGATE THE ELEMENTS OF THE CASE. I DO NOT IN NO WAY WANT TO ATTACK THE VICTIM IN THIS CASE.
IN SUPREME COURT CASES (BURRAGE V. US 134 S. CT 881 (2014) RAGLAND V. US 784 F. 3d 1213 (2015) US. V FORD, 750 F.3d 952 (2014) US V. SALYERS, 661 FED. APPX. 862 (2016)

THE SUPREME COURT HELD THAT AT LEAST WHERE USE OF THE DRUG DISTRIBUTED BY THE DEFENDANT IS NOT AN INDEPENDENTLY SUFFICIENT CAUSE OF VICTIMS DEATH OR SERIOUSLY BODILY INJURY, A DEFENDANT CANNOT BE LIABLE

UNDER THE PENAITY ENHANCEMENT PROVISION OF CONTROLLED SUBSTANCE ACT APPIICABLE WHEN DEATH OR A SERIOUSLY BODILY INJURY RESULT FROM USE OF DISTRIBUTED SUBSTANCE UNLESS BUCH USE IS A "BUT FOR CAUSE. THERE IS NO EVIDENCE IN THIS CASE AS TO WHAT DRUG WAS THE INDEPENDENTLY SUFFICIENT CAUSE OF OVERDOSE. WHICH IS REQUIRED BY THE SUPREME COURT. BLOOD SAMPLES, URINE SAMPLES, AND OR A TOXICOLOGY REPORT ARE THE REQUIREMENTS OF THE INDEPENDENTLY SUFFICIENT CAUSE, UNDER THE SUPREME COURT. LAW.

MY COUNSEL DID NOT INVESTIGATE NOTHING CONCERING THE DRUGS INVOLVED. THE VICTIM TESTED NEGATIVE FOR COCAINE BUT HOPE DRUGS TESTED POSITIVE FOR THE DRUG. HOWEVER THIS WAS NOT EXPLAINED TO ME AS THE GOVERMENT STATED.
THE VICTIM WAS SUICIDAL SO JUST A SIMPLE DRUG SCREEN WILL NOT DETECT ALL DRUGS THAT COULD BE IN THE VICTIM SYSTEM.
MY COUNSEL ONCE TOLD ME ITS ONLY SERIOUSLY BODILY INJURY BECAUSE THE VICTIM WAS GIVEN NARCAN. I BELIEVED EVERYTHIN COUNSEL TOLD ME.

## CLAIM NUMBER THREE: ARGUMENT

MY CHARGE DOES NOT POSE VIOLENCE NOR DOES IT STATES ANYTHING ABOUT HARM OR BODILY INJURY OCCURED. THATS ONLY WHAT WAS KEPT IN MY STATEMENT OF FACTS. I WAS TOLD BY MY CASE MANAGER THAT I WAS ELIGIBLE FOR THE FIRST STEP ACT. I CANT SHOW THE POLICY BECAUSE THE PRISON IS LOCKDOWN AND I CAN NOT GO TO THE LAW LIBRARY. MY CHARGE SAYS I DISTRIBUTED DRUGS ONLY. AGAIN I DIDNT ACCEPT THE PLEA BASED ON THE TRUTH BEING TOLD. I ADMITTED HOPE DISTRIBUTED THE DRUGS NOT MYSELF. I SHOULD BE GIVEN A MINOR ROLE AND SAFETY VALVE. I REQUESTED COUNSEL WITH HELP OF THIS.

### CONCLUSION.

MY COUNSEL MADE MYRAIDS OF MISTAKES HE ALLOWED ME TO GO INTO A PLEA WITHOUT INVESTIGATING THE ELEMENTS OF THE CASE. I WAS LEAD WRONG. IN OPEN COURT I ONLY AGREED TO WHAT MY COUNSEL TOLD ME. I ASK THE COURTS TO ALLOW

ME TO HAVE A EVIDENTRY HEARING AND LET EVIDENCE BE SHOWN.

SERIOUSLY BODILY INJURY AND THE SENTENCE ENHANCEMENT PROVISION SHOULD BE STRICKEN FROM MY INDICTMENT. COURTS HAVE LONG HELD THAT THE STATUE IS VOID FOR VAGUENESS UNDER THE FIFTH AMENDMENT DUE PROCESS CLAUSE. I ALSO HAVE PHONE CALLS SHOWING MY COUNSEL WAS STILL GIVING ME FALSE INFORMATION AFTER I WAS SENTENCED.

Respectfully Submitted

DATE JULY 13, 2020  Meah Virge
Reg NO: 76968-061

Hazelton Prison
P.O BOX 3000
Bruceton Mills, WV
26525.

Meah Verge 76968-061
P.O Box 3000
Bruceton Mills, WV
26525



PITTSBURGH PA 150

15 JUL 2020 PM 8 L

United States District Court
SOUTHERN District of Ohio
100 East Fifth Street Room 103
Cincinnati, Ohio
-45202-

45202-397699